# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN BUTLER,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN JAMES D. HARTLEY,<br><br>    Respondent. | 1:08-cv-01188-TAG HC<br><br>ORDER DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AGAINST PETITIONER<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITION FORM FOR FILING CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 |

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On August 13, 2008, Petitioner filed his petition for writ of habeas corpus in this Court.  (Doc. 1).

    The petition alleges that the California Department of Corrections and Rehabilitation ("CDCR") improperly denied his request to delete an "R" suffix from his status designation, in violation of his Sixth and Fourteenth Amendment rights.  (Doc. 1, p. 1).  Petitioner does not challenge either his conviction or sentence.

### DISCUSSION

    Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490

(9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)(quoting Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-142, 111 S. Ct. 1737 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner contends that, following an annual review of Petitioner's custody level, the CDCR erroneously caused an "R" suffix to be placed by Petitioner's name. (Doc. 1, p. 4). According to the Code of California Regulations, Title 15, § 3377.1(b), an "R" suffix "shall be affixed in an inmate's custody designation to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates who have a history of specific sex offenses as outlined in Penal Code (PC) Section 290." (Doc. 1, p. 14). Petitioner alleges that the criminal charge out of which this "R" designation arises was dismissed for insufficiency of the evidence. (Doc. 1, p. 1). As mentioned, Petitioner does not challenge either his conviction or sentence, nor does Petitioner allege that the purportedly erroneous "R" designation has affected the length of his sentence. Accordingly, Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.[1]

---

[1] The Court notes that Petitioner initially challenged the CDCR's purportedly erroneous "R" classification in 1993 and that Petitioner's appeal from the denial of his request for reclassification was also denied at that time. For reasons not apparent from the record, Petitioner waited until February 23, 2007, to file his first state habeas petition in the Superior Court for the County of Monterrey. (Doc. 1, p. 12). That petition was denied, with a citation to In re Swain, 34 Cal. 2d 300, 340 (1949), by the Superior Court, because Petitioner had "delayed in raising his claim." (Id.). Subsequently, the California Court of Appeal, Sixth Appellate District, and the California Supreme Court denied Petitioner's habeas petitions without comment. To determine whether a state procedural ruling bars federal review, the federal court will look to the last reasoned opinion on the claim. Lambright v. Stewart, 241 F.3d

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. That the Clerk of the Court be DIRECTED to enter judgment against Petitioner; and

3. That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

IT IS SO ORDERED.

Dated:  **October 15, 2008**                                              /s/ Theresa A. Goldner
                                                                    UNITED STATES MAGISTRATE JUDGE

---

1201,1205 (9th Cir. 2001).  Where the "last reasoned decision" before the petition reaches the state's high court"explicitly imposes a procedural default," an unexplained denial from the California Supreme Court presumptively does not represent a decision on the merits that lifts that default.  Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct. 2590 (1991).  Thus, it appears that, even were this Court to conclude that it had habeas jurisdiction, federal review would be precluded by the state procedural bar.  Additionally, because the Court is dismissing the petition for lack of habeas jurisdiction, the Court need not address the statute of limitations problem inherent in Petitioner having waited fourteen years before even beginning his first "round" of state habeas petitions.  Accordingly, the Court expresses no opinion on whether it would also have to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1).